## Bradley v. Commonwealth.

(Decided April 30, 1926.)

### Appeal from Butler Circuit Court.

1. Criminal Law—Where Evidence is Essentially the Same as on Previous Appeals, Holdings Therein that Evidence Supported Convictions Must be Followed.—Where evidence on appeal from conviction of manslaughter is essentially the same as on two prior appeals, one from conviction for manslaughter and other for murder, holdings therein, overruling contention of insufficiency of evidence, must be followed.

2. Criminal Law.—Objection to admission of evidence, not objected to below, cannot be raised for first time on appeal.

NOEL HARPER, FRANK R. GOAD, THURMON B. DIXON, W. R. GARDNER, G. V. WILLIS, E. N. MAYHUGH and W. D. GILLIAM for appellant.

FRANK E. DAUGHERTY, Attorney General, and G. D. LITSEY, Assistant Attorney General, for appellee.

Opinion of the Court by Turner, Commissioner— Affirming.

This is the third appeal of this case. Appellant and Tom Hughes were jointly indicted in the Allen circuit court at its September term, 1923, charged with the murder of Will Willoughby, and upon his first separate trial appellant was found guilty of manslaughter and sentenced to imprisonment for twenty-one years. From that judgment he appealed to this court, where in December, 1923, the judgment was reversed, and he was granted a new trial. Bradley v. Commonwealth, 201 Ky. 413.

Upon his second separate trial he was found guilty of murder and sentenced to life imprisonment and again appealed to this court, when the judgment was again reversed and he was granted another trial. Bradley v. Commonwealth, 204 Ky. 635.

Upon the return of the case after the second appeal he was, as directed in the second opinion, granted a change of venue, and the venue changed to Butler county, in which latter county he was again tried and found guilty of manslaughter and sentenced to twenty-one years' imprisonment, from which the present appeal is prosecuted.

The reversal upon the first appeal was almost exclusively based upon erroneous instructions, as well as the failure to properly instruct; while the reversal on the second appeal was based upon the refusal of the trial court to grant appellant a change of venue from Allen county upon the showing made.

Upon this appeal there is no complaint of the instructions, but appellant relies wholly upon the two following grounds for reversal:

(1.) That the verdict is flagrantly against the weight of the evidence;

(2.) That certain evidence of occurrences taking place some hour and a half or two hours before the difficulty with Willoughby, between appellant and other persons, and having no connection with the subsequent difficulty with Willoughby, should not have been admitted as evidence.

On the first proposition it appears from each of the previous opinions that the same contention was made; and while the fact is recited in the first opinion that the

contention was made, it is not in terms passed upon therein, but the judgment reversed for other and different reason, whereby it appears to have been tacitly overruled. In the second opinion, however, the contention is expressly overruled, and it is recited that it was overruled in the first opinion.

The evidence upon this appeal is in no essential respect different from the evidence upon the two former appeals; in fact the chief difference is that Hughes, who was jointly indicted with appellant and who did not testify on the first two trials, testified upon the last trial for the Commonwealth, and his evidence corroborates the statement of certain Commonwealth witnesses made upon the three trials that appellant had thrown the rock at Willoughby which struck him behind the left ear and fractured his skull, which the evidence showed was the cause of his death. It is apparent, therefore, that the denial of this contention upon the two former appeals not only must now be followed by this court upon this appeal, but that if the question had been in fact left open in the two former opinions it would almost necessarily have to be denied now after such additional evidence.

The second contention is based upon the evidence given by two witnesses, Ogles and Taylor, each of whom testifies to the fact that appellant, an hour and a half or two hours before the difficulty with Willoughby, was drunk and had been guilty of some very unseemly conduct in the presence of Ogles' wife, as well as in other ways.

We are relieved, however, in this opinion of passing upon the competency of this evidence or of reciting its nature, for the bill of evidence discloses that the same was introduced by the Commonwealth without objection upon the part of defendant. Clearly such an objection cannot be raised in this court for the first time.

The defendant has had three trials before three juries selected from the citizenship of three different counties, one of which found him guilty of murder and the other two of manslaughter. His counsel appear to have ably and conscientiously represented him throughout each of the trials and each of the appeals, but we find no merit in any contention presented upon this appeal.

Judgment affirmed.